UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cyril Anuforo,                                    Civil No. 07-1756 (JRT/FLN)

      Plaintiff,

      v.                                        **ORDER AND**
**REPORT AND**
**RECOMMENDATION**

Commissioner of Internal Revenue Service,

      Defendant.

_____

Chinedu Nwaneri for Plaintiff.
Shana Starnes for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 4, 2008, on:

1. Defendant's Motion for Summary Judgment [#13];
2. Defendant's Motion to Compel Testimony of Cyril Anufuro [#56];
3. Plaintiff's Motion to Compel Deposition of Jill Dutcher [#72]; and
4. Plaintiff's Motion to Expedite Hearing of Motion to Compel Deposition of Jill Dutcher [#75].

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court:

    A.     ORDERS that:

        1. Defendant's Motion to Compel [#56] is GRANTED;

        2. Plaintiff's Motion to Compel Deposition of Jill Dutcher [#72] is DENIED; and

        3. Plaintiff's Motion to Expedite Hearing of Motion to Compel Deposition of Jill Dutcher [#75] is DENIED; and

    B.     RECOMMENDS that Defendant's Motion for Summary Judgment [#13] be

GRANTED.

## I.    FINDINGS OF FACT

Plaintiff Cyril C. Anufuro filed his Amended Complaint on December 21, 2007, seeking a declaration that: (1) the trust fund recovery penalties assessed against him are time barred, null and void; and (2) that he is not liable for the trust fund recovery penalties.[1]  Anufuro alleged that he should not be liable for the trust fund penalties because two employees embezzled money from the businesses, rendering them unable to pay employment taxes.  The Government filed its Answer to the Amended Complaint on December 21, 2007, and counterclaimed, seeking: (1) judgment that plaintiff is not entitled to a refund for the periods at issue; (2) judgment that the tax assessments are not time barred; and (3) judgment for court costs.

The IRS filed this motion for summary judgment with respect to Comfort Plus only.  In Count II of its Counterclaim, the IRS seeks recovery of tax assessments made against Comfort Plus pursuant to 26 U.S.C. §§6671 and 6672 for the time periods ending on the following dates: 9/30/1999, 3/31/2002, 9/30/2002, 12/31/2002, 3/31/2003, 6/30/2003, 9/30/2003 and 12/21/2003. (Dkt. 30, Answer to Amended Compl. and Counterclaim at ¶ 12.)

### A.    Comfort Plus' Failure to Pay Employment Taxes.

Plaintiff Cyril Anufuro organized Comfort Plus on January 20, 1994.  (Declaration of Jill Dutcher at Ex. 40.)  From its date of organization, Comfort Plus failed to consistently pay employment taxes.  In 1999, Comfort Plus and the IRS began negotiating a repayment plan in installments of its $50,000 withholding tax liability and the IRS accepted the plan in July 2000.

---

[1]  The Amended Complaint differs from the first complaint in that it clarifies that the relief sought applies to both of Anufuro's businesses, Comfort Plus Health Care, Inc. ("Comfort Plus") and U.S. Central Comfort Plus Health Care, Inc.

(Dutcher Decl. ¶¶ 19-21, Ex. 7.)   As part of the agreement, Anufuro agreed to extend time to assess the IRC § 6672 trust-fund tax penalties against him until 2010.   (Dutcher Decl. ¶¶ 19-21, Ex. 12.) Anufuro's waiver included an extension for one of the time periods at issue in this case, the period ending 09/30/1999.   (Dutcher Decl. at Ex. 12.)

In March 2002, the IRS mailed Comfort Plus a letter stating that Comfort Plus had defaulted on its installment agreement because it had failed to comply with its federal tax obligations. (Dutcher Decl. ¶ 25.)   The IRS made this determination because in the year 2000 and the first three quarters of 2001, Comfort Plus filed employment tax returns (Forms 941) signed by Cyril Anufuro[2] indicating that the company had paid its employees during this time period but that it failed to make any employment tax payments to the IRS.   (Dutcher Decl. at Ex.17-23.)

In June 2002, Anufuro sought to have the repayment program reinstated.   He requested a reprieve because two of his employees had pleaded guilty to embezzling funds from Comfort Plus. (Dkt. 18, Affidavit of Cyril Anufuro ¶ 6.)   In making his request, he provided the IRS with the offending employees' probation agreements.   One employee admitted to stealing $50,861.24 between April 27, 2001 and January 18, 2002 and as part of her probation, was required to repay $165,040.74.   (Anufuro Aff. at Ex. A.)   The other employee admitted to stealing $2,500 between August 15, 1999 and 2001 and repaid that amount by the time he plead guilty on March 15, 2003. (Anufuro Aff. at Ex. B.)   Only two of the periods at issue in this case overlap with the time periods the employees stole money - the time period ending 09/30/1999 and the time period ending 03/31/2002.

---

[2] Cecilia Anufuro, Plaintiff's wife, signed Form 941 for the quarter ending September 30, 2001.

Despite having funds stolen, Comfort Plus was still able to pay creditors from 2001-2003. Comfort Plus' tax Form 1120 (the yearly corporate tax return form) for 2001 indicates that the company paid $543,594 in wages and salaries and $259,656 in miscellaneous expenses.  (Dutcher Decl. ¶¶ 32-34, Ex. 13.)   The company's Form 1120 for 2002 indicates that it paid $504,199 in wages and salaries and $196,783 miscellaneous expenses.  (Dutcher Decl. ¶¶ 35-37, Ex. 14.)   Its Form 1120 for 2003 shows that it paid $894,670 in wages and salaries and $127,675 in miscellaneous expenses.  (Dutcher Decl. ¶¶ 38-40, Ex. 15.)

For the periods at issue, Anufuro filed Forms 941 (this form reports a company's quarterly employment tax) indicating that he paid salaries to his employees which, in turn, generated an employment tax.  He also reported on each return that he paid "0.00" in taxes:

| Tax Period | Amount Return Reports due | Amount Return Reports Paid | Return Delinquent | Officer who Signed Return |
|---|---|---|---|---|
| 09/30/1999 | $13,755 | - | yes, 1 month | not available[3] |
| 03/31/2002 | $9,427 | $0 | yes, 1.5 years | Cyril Anufuro[4] |
| 09/30/2002 | $18,606 | $0 | yes, 1.5 years | Cyril Anufuro[5] |
| 12/31/2002 | $24,219 | $0 | yes, 1 year | Cyril Anufuro[6] |
| 03/31/2003 | $32,951 | $0 | yes, 9 months | Cyril Anufuro[7] |

[3]  Dutcher Decl. at Ex. 32.

[4]  Dutcher Decl. at Ex. 24.

[5]   Dutcher Decl. at Ex. 26.

[6]  Dutcher Decl. at Ex. 27.

[7]  Dutcher Decl. at Ex. 28.

| 06/30/2003 | $37,819 | $0 | yes, 6 months | Cyril Anufuro[8] |
| 09/30/2003 | $53,369 | $0 | yes, 3 months | Cyril Anufuro[9] |
| 12/31/2003 | $48,354 | $0 | yes, 1 month | Cyril Anufuro[10] |

B.      **IRS Records of Assessment.**

On December 26, 2005, after Comfort Plus had defaulted on the installment plan, the IRS made timely records of assessment of employment taxes:

| Tax Period | Amount[11] |
| --- | --- |
| 09/30/1999 | $13,755.53 |
| 03/31/2002 | $1,427.12 |
| 09/30/2002 | $11,651.15 |
| 12/31/2002 | $43,072.46 |
| 03/31/2003 | $20,195.65 |
| 06/30/2002 | $23,354.15 |
| 09/30/2003 | $33,081.18 |
| 12/31/2003 | $28,698.71 |
| | $175,225.95 |

C.      **Anufuro's Role in Comfort Plus**.

In an affidavit, Cyril Anuforo identified himself as the Chief Executive Officer of Comfort Plus.  (Anuforo Aff. at ¶ 1.)  In an IRS interview form, he identified himself as its president.

---

[8]  Dutcher Decl. at Ex. 29.

[9]  Dutcher Decl. at Ex. 30.

[10]  Dutcher Decl. at Ex. 31.

[11]  For IRS Records of Assessment, *see* Dutcher Decl. at Ex. 32-39.

5

(Dutcher Decl. at Ex. 40.)  On the same form, he stated that he was the 100% shareholder in the company and that he was the only person at the company responsible for: hiring/firing employees, managing employees, directing payment of bills, dealing with major suppliers/customers, negotiating large corporate purchases, contracts, loans, opening/closing corporate bank accounts, guaranteeing/co-signing corporate bank loans, making/authorizing deposits, authorizing payroll checks, preparing federal payroll tax returns, authorizing payment of federal tax deposits and determining company financial policy. (*Id*.)  In his Answers to Requests for Admission, Anufuro admits he was a responsible person within the meaning of IRC § 6672.

Anufuro stated on the IRS interview form that during the time delinquent taxes were increasing, he continued to pay the State of Minnesota, rent, workman's compensation and payroll in addition to buying supplies.  (Dutcher Aff. at Ex. 40.)

## II.    STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In order to determine whether a certain fact is material, " it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986).  Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

6

reasonably be resolved in favor of either party." *Id*. at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

## III.   LEGAL ANALYSIS

### A.   Statutory Background

Pursuant to 26 U.S.C. §§ 3102, 3402, an employer is required to withhold FICA and federal income taxes from its employees' wages. These taxes collected by the employer are deemed to be held in trust for the federal government and must be paid to the IRS on at least a quarterly basis. 26 U.S.C. § 7501; *Honey v. United States*, 963 F.2d 1083, 1087 (8th Cir. 1992). Employers who fail to pay employment taxes are subject to penalties under 26 U.S.C. § 6672(a), which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax, or truthfully account for and pay over such tax, or wilfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the amount of the tax evaded or not collected or not accounted for and paid over.

> In order for liability under § 6672 to attach, an individual must: (1) be a responsible person;

7

and (2) have willfully failed to pay over taxes to the United States.  *Olsen v. United States*, 952 F.2d 236, 238 (8th Cir. 1991).

"A section 6672 assessment is presumed correct, and it is the individual's burden to show, in a refund action, that he or she was not a responsible person or did not willfully fail to pay over taxes."  *Riley v. United States*, 118 F.3d 1220, 1221 (8th Cir. 1997).

### 1.    Anufuro was a responsible person within the meaning of § 6672.

The term "person" for the purposes of §6672 "includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."  26 U.S.C. § 6671.  It is, however, not necessary for a person to be assigned the ministerial duties of keeping the books or paying taxes or withholding employment taxes in order to be liable under §6672.  *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir. 1976).  "Recognized indicia of status as a responsible person include membership on the board of directors, ownership of stock in the corporation, the authority to write and sign checks on the corporate accounts, and other significant authority such as the authority to hire and fire personnel."  *In re Grubbe*, 1994 WL 249792 (Bankr. D. Minn. Jul. 7, 1994) (citations omitted).

In this case, Anufuro stated in the IRS interview form that he was the president of Comfort Plus, that he owned 100% of the stock and that he was the only person with authority to write and sign checks on corporate accounts and to hire and fire personnel.  (*See* Dutcher Decl. at Ex. 40.)  He is clearly a responsible person for the purposes of the statute.  Furthermore, in his Answers to Requests for Admission, Anfuoro admits that he was a responsible person under 26 U.S.C. §6672.

### 2.    Anufuro acted willfully in failing to pay Comfort Plus' taxes.

8

"A responsible person acts willfully within the meaning of § 6672 whenever he 'acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes . . . '" *Olsen v. United States*, 952 F.2d 236, 239 (8th Cir. 1991) (citations omitted). "The term willfully does not connote a bad or evil motive, but rather means a voluntary, conscious and intentional act, such as payment of other creditors in preference to the United States." *Elmore v. United States*, 843 F.2d 1128, 1132 (8th Cir. 1988).

Anuforo admitted that he continued to pay other creditors while the company's tax liabilities grew beginning on April 1, 1996, until December 31, 2004. He stated in the IRS interview form that he continued to pay the State of Minnesota, rent, workman's compensation and payroll in addition to buying supplies in the periods where Comfort Plus paid no employment taxes. (Dutcher Aff. at Ex. 40.) Further, Anuforo reported in Comfort Plus' Forms 1120 for 2002-2003[12] that the company paid a total of $1,398,869 in wages and salaries and a total of $324,458 in miscellaneous expenses. In those same years, Anuforo signed employment tax returns (Forms 941) for Comfort Plus indicating that the company paid no employment taxes despite owing $161,470.[13] In its motion for summary judgment, the IRS did not submit, for the tax period ending 09/30/1999, Comfort Plus' Form 1120, nor did it submit its form 941. It did, however, submit an IRS record of assessment (Dutcher Aff. at Ex. 32.) and Anuforo admitted during that period that he continued to pay other creditors while failing to pay his employment taxes.

---

[12] Three quarters in 2002, the first, second and fourth, are at issue and all four quarters for 2003.

[13] This number excludes the period ending 06/30/02 which is not at issue.

Anuforo's argument that he should not be liable for the tax liabilities because his employees stole money from Comfort Plus is untenable. His argument is properly characterized as a reasonable cause defense and the Eighth Circuit has held that "reasonable cause is no part of the definition of willfulness." *United States v. Strebler*, 313 F.2d 402, 403 n.2 (8th Cir. 1974). More specifically, an employee's embezzlement of funds is not a legally recognized defense absolving a company's obligation to pay taxes. *In re Schroeder*, 1994 WL 527177, at *4 (Bkrtcy. D. Neb. June 3, 1994) ("[taxpayer] does not have a legally recognizable defense to the claims of the I.R.S. Once the embezzlement occurred, [the taxpayer] did not have the legal option to pass his losses on to the taxpayers of the United States.")

In this case, Anufuro did not have the legal option to pass Comfort Plus' losses on to the taxpayers of the United States. In addition, only two periods at issue overlap with the time periods that the employees were stealing money, the time periods ending 09/30/1999 and 03/31/2002. Further, despite having funds stolen, Comfort Plus was still able to pay creditors from 2001-2003. In 2001, the company paid $543,594 in wages and salaries and $259,656 in miscellaneous expenses. (Dutcher Decl. ¶¶ 32-34, Ex. 13.) In 2002, it paid $504,199 in wages and salaries and $196,783 miscellaneous expenses. (Dutcher Decl. ¶¶ 35-37, Ex. 14.) In 2003, it paid $894,670 in wages and salaries and $127,675 in miscellaneous expenses. (Dutcher Decl. ¶¶ 38-40, Ex. 15.) Anufuro's defense must be rejected.

### 3.     The IRS Assessments are not time-barred.

In his Amended Complaint, Anufuro claims that the IRS' assessments are time-barred. This claim is wrong. The IRS must assess employment taxes within three years of the date of filing. 26 CFR § 301.6501(a)-1. While employment taxes are reported four times per year on Form 941, the

10

IRS deems the taxes received on April 15 of the succeeding year.   26 CFR § 301.6501(b)-1.  In this

case, the IRS made its assessments on December 26, 2005, for taxes that were, with one exception,

deemed filed on April 15, 2003, or April 15, 2004, within the three year time period.  The first time

period assessed, that ending on 09/30/1999, falls outside the three years, but Anufuro signed a Form

2750 extending time for assessing his liability for that time period under IRC §6672 until 2010.

**4.      Plaintiff's Rule 56(f) Affidavit fails to give reasons justifying a denial or continuance of Defendant's motion.**

The Plaintiff filed what may be properly characterized, although not identified as such, a

Rule 56(f) affidavit.  Federal Rule of Civil Procedure 56(f) provides that, "[i]f a party opposing the

motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its

opposition," the court may deny the motion, order a continuance or issue any other just order.  The

Plaintiff contends that he cannot properly respond to the IRS' motion for summary judgment until

he has deposed IRS agent, Jill Dutcher.  The Court concludes that allowing the Plaintiff to take Ms.

Dutcher's deposition would not alter the Court's conclusion in favor of the IRS.  The IRS has

presented overwhelming evidence, much of it IRS forms filed and signed by the Plaintiff himself,

demonstrating Comfort Plus' failure to pay taxes.

## IV.    ORDER AND RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that

1.      Defendant's Motion to Compel Testimony of Cyril Anufuro [#56] is **GRANTED**.

2.      Plaintiff's Motion to Expedite Hearing of Motion to Compel Deposition of Jill Dutcher [#75] is **DENIED**.

3.      Plaintiff's Motion to Compel Deposition of Jill Dutcher [#72] is **DENIED** without prejudice as it was not properly noticed or served.

Based   upon   all   the   files,   records   and   proceedings   herein,   **IT   IS   HEREBY**

**RECOMMENDED** that Defendant's Motion for Summary Judgment [#13] be **GRANTED**.


DATED: July 23, 2008                           s/ *Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 11, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 11, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.