# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CYRIL C. ANUFORO, | Civil No. 07-1756 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER AFFRIMING AND ADOPTING ORDER AND REPORT AND RECOMMENDATION** |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Defendant. | |

P. Chinedu Nwaneri, **NWANERI & ASSOCIATES PLLC**, 2147 University Avenue West, Suite 105, St. Paul, MN 55114-1326, for plaintiff.

Shana M. Starnes, **U.S. DEPARTMENT OF JUSTICE,** Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044-7238, for defendant.

Cyril C. Anuforo filed an amended complaint on December 21, 2007, against the Commissioner of Internal Revenue ("Commissioner"), seeking a declaration (1) that the trust-fund recovery penalties assessed against Anuforo for failure to pay employment taxes for two of Anuforo's businesses are time-barred, null, and void; and (2) that Anuforo is not liable for the trust-fund recovery penalties. The Commissioner brought a motion for summary judgment with respect to one of Anuforo's businesses, Comfort Plus Health Care, Inc., and Anuforo challenged two orders related to the Commissioner's motion.[1] In an Order and Report and Recommendation dated July 23, 2008, United

---

[1] The IRS also assessed trust-fund recovery penalties on a second Anuforo-operated company, U.S. Central Comfort Plus Care Systems, Inc., which is not subject to this motion for summary judgment.

States Magistrate Judge Franklin L. Noel (1) denied Anuforo's Motion to Compel the Deposition of Jill Dutcher; (2) denied Anuforo's Motion to Expedite the Hearing of the Motion to Compel the Deposition of Jill Dutcher; and (3) recommended that this Court grant the Commissioner's motion for summary judgment. *See* 28 U.S.C. § 636(b)(1)(B). Anuforo now objects to the orders and recommendation. The Court reviews the two challenged orders under the standard of review for nondispositive pretrial matters, 28 U.S.C. § 636(b)(1)(A); D. Minn. LR. 72.2 (permitting a district court to "modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law"). The Court reviews the Magistrate Judge's recommendation to grant Commissioner's motion *de novo*, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). For the following reasons, the Court overrules Anuforo's objections and affirms and adopts the Order and Report and Recommendation of the Magistrate Judge.

## BACKGROUND[2]

Cyril C. Anuforo organized Comfort Plus Health Care, Inc. on January 20, 1994. From the date of its organization, Comfort Plus Health Care, Inc. consistently failed to pay employment taxes. In July 2000, an installment repayment agreement was reached between Anuforo and the Internal Revenue Service ("IRS") to repay the past-due employment tax. In connection with that agreement, Anuforo signed a Form 2750, agreeing to extend his liability for failure to pay employment taxes until 2010. In March

---

[2] The facts are repeated below only to the extent necessary to rule on defendant's objection. A more comprehensive statement of facts can be found in the Magistrate Judge's Order and Report and Recommendation. (Docket No. 103.)

2002, however, the IRS notified Anuforo that he had defaulted on the agreement by failing to pay currently due employment taxes.

In June 2002, Anuforo sought to have the repayment program reinstated, reasoning that his failure to pay employment taxes was the consequence of embezzlement by two of his employees. Despite this apparent financial burden, Comfort Plus Health Care, Inc. continued to pay creditors from 2001–2003.

The IRS assessed trust-fund recovery penalties against Anuforo personally for his failure to pay the Comfort Plus Health Care, Inc. employment taxes for the quarterly time periods ending on September 30, 1999; March 31, 2002; September 30, 2002, December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; and December 31, 2003. The IRS assessed a total of $175,225.95 in penalties against Anuforo for these time periods.

In recommending that the Court grant Commissioner's motion for summary judgment, the Magistrate Judge's Report and Recommendation found no genuine issue of material fact as to whether Anuforo was personally liable to the IRS for trust-fund recovery penalties. Further, the Magistrate Judge concluded that the IRS assessment of those penalties were not time-barred. Finally, the Magistrate Judge denied Anuforo's motions relating to the motion to compel the deposition of Jill Dutcher, reasoning that such testimony would not yield information that would "alter the Court's conclusion in favor of the IRS." (Docket No. 103.)

## ANALYSIS

I.  STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the case, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The standard of review for an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. *Reko v. Creative Promotions, Inc.,* 70 F. Supp. 2d 1005, 1007 (D. Minn 1999). The Court will reverse the order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

II.  FEDERAL EMPLOYMENT TAX PROVISIONS

Under 26 U.S.C. §§ 3102 and 3402, an employer is required to deduct and withhold Federal Insurance Contributions Act ("FICA") and federal income taxes from its employees' wages. These taxes constitute a fund in trust for the United States and must be paid to the IRS on a quarterly basis. 26 U.S.C. § 7501(a); *Honey v. United*

*States*, 963 F.2d 1083, 1087 (8th Cir. 1992).  Employers who fail to pay employment taxes are subject to penalty assessments under 26 U.S.C. § 6672(a), which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . [shall] be liable to a penalty equal to the amount of tax evaded or not collected or not accounted for and paid over.

In order to be liable under § 6672, an individual (1) must be a responsible person and (2) must have willfully failed to pay over taxes to the United States.  *Olsen v. United States*, 952 F.2d 236, 238 (8th Cir. 1991).  If those requirements are satisfied, a § 6672 penalty assessment is presumed correct, subject to the individual's rebuttal that he was not a responsible person or did not willfully fail to collect, account for, or pay over taxes.  *Riley v. United States*, 118 F.3d 1220, 1221 (8th Cir. 1997).

### III.   TRUST-FUND RECOVERY PENALTIES AGAINST ANUFORO

Before a penalty may be imposed under § 6672(a), the IRS must satisfy two requirements. First, the IRS must notify the individual in writing (by mail) or in person that they will be subject to an assessment of such penalty.  26 U.S.C. § 6672(b).  This notification must precede demand of any penalty by sixty days. *Id.* § 6672(b)(2). Second, the amount of the trust-fund recovery penalty must be assessed within three years of the due date of the tax return or within three years of the date when the return is actually filed, whichever is later.  *Id.* § 6501(a).  The IRS makes a tax or penalty assessment "by recording the liability of the taxpayer . . . in accordance with rules and regulations prescribed by the Secretary."  26 U.S.C. § 6203.

**A.     Assessment of Trust-Fund Recovery Penalties**

Anuforo objects to the Report and Recommendation and claims that the IRS failed to satisfy these two requirements with respect to Comfort Plus Health Care, Inc. As a result, Anuforo argues that the Court lacks jurisdiction over the matter. Anuforo admits that the IRS properly provided notice of the trust-fund recovery penalty assessment, but claims that the IRS's evidence fails to prove that an actual assessment was made. (Docket No. 108.)

In response to Anuforo's argument, the Commissioner provided the Court with Form 4340 Certificates of Assessments and Payments, which indicate the assessment of penalties on December 26, 2005, for each time period that Anuforo failed to pay over trust-fund taxes. (Docket No. 125, Starnes Decl. Ex. A.)

Certificates of Assessments and Payments constitute presumptive evidence that a tax has been validly assessed. *United States v. Gerads*, 999 F.2d 1255 (8th Cir. 1993); *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992). Absent a challenge to the validity of the assessment, Form 4340 is sufficient to establish that the IRS actually and correctly made the penalty assessment. *Id.* Anuforo has not challenged the assessment procedure, so the Court presumes the assessment to be valid.

Thus, the only question left to be determined is whether the trust-fund recovery penalties were assessed within the time limitations established by 26 U.S.C. § 6501(a). Although employment taxes are reported four times a year on Form 941, the IRS deems taxes received on April 15 of the succeeding year. *See* 26 U.S.C. § 6501(b)(1). In this

case, the IRS made its assessments on December 26, 2005, for taxes that were, with one exception, deemed filed on April 15, 2003 or April 15, 2004.  These assessments were all made within the three-year time limitation.  The only penalty assessment made outside of the time period, for the period ending on September 30, 1999, is excluded from the time limitation: in agreeing to an initial repayment plan with the IRS in July 2000, Anuforo signed a Form 2750, which extended his liability for failure to pay employment taxes for that period until 2010.

### B.     Willfulness

To be personally liable for the trust-fund recovery penalty, an individual must be a responsible person and must have willfully failed to pay taxes to the United States. *Olsen*, 952 F.2d at 238.  A "person" is an officer or employee of a corporation who has a duty to collect and remit taxes to the United States or, in other words, "is under a duty to perform the act in respect of which the violation occurs."  26 U.S.C. § 6671(b).  To be classified as a *responsible* person for the purposes of 26 U.S.C. § 6672, an individual must have "[r]ecognized indicia of status as a responsible person includ[ing] membership on the board of directors, ownership of stock in the corporation, the authority to write and sign checks on the corporate accounts, and other significant authority such as the authority to hire and fire personnel."  *In re Grubbe*, No. 4-92-8014, 1994 WL 249792, at *6 (Bankr. D. Minn. Jul. 7, 1994).

Anuforo's status as a responsible person is undisputed.  Anuforo was the president of Comfort Plus Health Care, Inc., owned 100% of the company stock, was the only

person with authority to write and sign checks on corporate accounts, and was the only person with authority to hire and fire personnel. Anuforo also admitted that he was a responsible person in his Answers to Requests for Admissions.

Given that Anuforo is a responsible person, Anuforo is personally liable for the trust-fund recovery penalties if he willfully failed to pay Comfort Plus Health Care, Inc.'s taxes. "A responsible person acts willfully . . . whenever he acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes." *Olsen*, 952 F.2d at 239 (internal quotation marks omitted). "The term willfully does not connote a bad or evil motive, but rather means a voluntary, conscious and intentional act, such as payment of other creditors in preference to the United States." *Elmore v. United States*, 843 F.2d 1128, 1132 (8th Cir. 1988).

Anuforo objects to the Report and Recommendation, claiming that his failure to pay trust-fund taxes was not willful and arguing that he has a "good defense" to the Magistrate Judge's finding of willfulness. While it is not explicitly stated in Anuforo's objection, the Court assumes that this "good defense" is that Comfort Plus Health Care, Inc.'s employees embezzled money from the company, thus placing Comfort Plus Health Care, Inc. in a situation whereby they could not pay over trust-fund taxes to the United States.

Anuforo's claim of a "good defense" can most reasonably be characterized as a "reasonable cause" defense. There is no legally recognized reasonable cause defense, however, for a willful failure to pay taxes. *In re Schroeder*, No. BK92-41479, 1994 WL

527177, at *4 (Bankr. D. Neb. June 3, 1994) (noting that, after embezzlement by company employees, the taxpayer "did not have the legal option to pass his losses on to the taxpayers of the United States").  Notwithstanding the embezzlement by Comfort Plus Health Care, Inc. employees, Anuforo did not have the legal option to withhold a portion or all of the trust-fund taxes in order to sustain the company's viability.

Without a legally available defense, there is no genuine issue of material fact with respect to Anuforo's willful failure to pay over trust-fund taxes.  Anuforo admits, in his objection to the Report and Recommendation, the voluntary nature of his failure to pay trust-fund taxes, and his intent to use those resources to pay other company debts. Anuforo notes that some taxes were paid during the time periods in which the IRS seeks recovery of penalties, and then notes that not *all* taxes were paid because "[t]he companies pro-rated their expenses to stay in business."  (Docket No. 108.)  In other words, Anuforo admits that he voluntarily and intentionally diverted resources that should have been held in trust for the United States to pay for other expenses.  Moreover, Comfort Plus Health Care, Inc. was still able to pay creditors from 2001–2003.  In 2001, Comfort Plus Health Care, Inc. paid $543,594 in wages and salaries and $259,656 in miscellaneous expenses. (Dutcher Decl. ¶¶ 32–34 Ex. 13.)  In 2002, Comfort Plus Health Care, Inc. paid $504,199 in wages and salaries and $196,783 in miscellaneous expenses. (Dutcher Decl. ¶¶ 35–37 Ex. 14.)   And in 2003, Comfort Plus Health Care, Inc. paid $894,670 in wages and salaries and $127,675 in miscellaneous expenses.  (Dutcher Decl.

¶¶ 38–40 Ex. 15.)  As noted above, "pro-rating" taxes in order to maintain the solvency of a business is not permitted.[3]

### C. Appeal from the Order Denying the Motion to Compel

Anuforo also objects to the Magistrate Judge's order denying the motions to compel the deposition of Jill Dutcher and expedite the hearing on that motion.  Anuforo argues that he cannot properly respond to the Commissioner's motion for summary judgment without first taking the deposition of IRS agent Jill Dutcher.  The Magistrate Judge disagreed in the Report and Recommendation, stating, "The Court concludes that allowing the Plaintiff to take Ms. Dutcher's deposition would not alter the Court's conclusion in favor of the IRS.  The IRS has presented overwhelming evidence, much of it IRS forms filed and signed by the Plaintiff himself, demonstrating Comfort Plus' failure to pay taxes."  (Docket No. 103.)

The Court agrees with the Magistrate Judge and finds no indication that Anuforo would be able elicit any information from the deposition of Ms. Dutcher that would be sufficient to create a genuine issue of material fact for the purposes of defeating the motion for summary judgment.  In this case, the Court does not find that Magistrate Judge Noel's resolution of the two motions is clearly erroneous or contrary to law, and therefore affirms the denial of Anuforo's motions.

---

[3] In his objection to the Report and Recommendation, Anuforo also argues that he "cannot be vicariously liable for the criminal conduct of third parties." Anuforo, however, is not deemed liable for third-party criminal conduct (i.e. the embezzlement of Comfort Plus Health Care, Inc. funds). Instead, he is held liable for trust-fund recovery penalties, which resulted from Anuforo's own willful failure to pay over employment taxes to the United States.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 108] and **AFFIRMS and ADOPTS** the Order and Report and Recommendation of the Magistrate Judge dated July 23, 2008 [Docket No. 103].

Accordingly, **IT IS HEREBY ORDERED** that defendant Commissioner of Internal Revenue's Motion for Summary Judgment [Docket No. 13] is **GRANTED**.

DATED: September 30, 2008　　　　　　　　\_\_\_\_s/ *John R. Tunheim*\_\_\_\_\_
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge