# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| CYRIL C. ANUFORO, | Civil No. 07-1756 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING AND ADOPTING ORDER AND REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Defendant. | |

P. Chinedu Nwaneri, **NWANERI & ASSOCIATES, P.L.L.C.**, 2147 University Avenue West, Suite 105, St. Paul, MN 55114-1326, for plaintiff.

Shana M. Starnes**,** Trial Attorney, Tax Division, **U.S. DEPARTMENT OF JUSTICE,** Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, DC 20044-7238, for defendant.

This case is before the Court on plaintiff Cyril C. Anuforo's ("Anuforo") objections to an Order and Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on January 14, 2009. The Magistrate Judge recommended granting defendant Commissioner of Internal Revenue's ("Commissioner") motion for summary judgment and denying Anuforo's motion to dismiss for lack of jurisdiction.[1] The Court has conducted a *de novo* review of Anuforo's objections to the Magistrate Judge's recommendations, pursuant to 28 U.S.C. § 636

---

[1] In addition to offering recommendations on the dispositive motions referenced above, the Magistrate Judge used the same document to order the denial of Anuforo's motion to compel the deposition of Jill Dutcher. However, Anuforo has merely indicated that he objects to the Magistrate Judge's recommendations, and offers no indication that he objects to the Magistrate Judge's order on his motion to compel. Accordingly, the Magistrate Judge's denial of Anuforo's motion to compel is affirmed without further discussion.

(b)(1)(C) and Local Rule 72.2(b).   For the reasons given below, the Court overrules Anuforo's objections and affirms and adopts the Order and Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Anuforo owned and operated two home health care companies, Comfort Plus Health Care Corporation ("Comfort Plus") and U.S. Central Comfort Plus ("U.S. Central").   Both of these companies consistently failed to pay employment taxes.   (*See* Dutcher Decl., Docket No. 16, ¶¶ 4-20; Second Dutcher Decl., Docket No. 92, ¶¶ 4-20.) On February 15, 2005, after Anuforo had defaulted on an installment plan to repay his delinquent taxes, the IRS assessed penalties against Anuforo relating to the unpaid U.S. Central taxes totaling $39,758.05.   (Second Dutcher Decl., Docket No. 92, ¶¶ 41-42.)   On December 26, 2005, the IRS assessed penalties against Anuforo relating to the unpaid Comfort Plus taxes in the amount of $175,235.95.   (Dutcher Decl., Docket No. 16, ¶¶ 64-65.)   Further facts related to these assessments are set forth below as necessary.

Anuforo filed this lawsuit on April 3, 2007, seeking a declaration (1) that the trust fund recovery penalties arising out of the unpaid employment taxes at Comfort Plus were time-barred; and (2) that even if these penalties were not time-barred, they were otherwise invalid.   On November 13, 2007, the Commissioner brought a motion for summary judgment on these issues, and this Court granted that motion.   *See Anuforo v. Comm'r of Internal Revenue*, No. 07-1756, 2008 WL 4527815 (D. Minn. Sept. 30, 2008). In short, the Court concluded that it was clear as a matter of law that Anuforo willfully

failed to pay employment taxes levied against Comfort Plus, and that the IRS had proceeded lawfully in assessing penalties for that failure.  *See id.*

On December 21, 2007, after the Commissioner brought its first motion for summary judgment but before this Court ruled on that motion, Anuforo amended his complaint to request relief from the penalties that the IRS assessed against his other company, U.S. Central.  (Am. Compl., Docket No. 30.)  On December 31, 2007, the Commissioner filed a counterclaim in response to this amended complaint, seeking to reduce both of its penalty assessments against Anuforo to judgment.  (Countercl., Docket No. 32.)

On May 29, 2008, Anuforo filed a motion to dismiss the Commissioner's counterclaims for lack of jurisdiction.  On June 30, 2008, the Commissioner filed a second motion for summary judgment, addressing the penalties assessed against Anuforo pertaining to U.S. Central and seeking judgment on its counterclaims.  The Magistrate Judge recommended denying Anuforo's motion to dismiss and granting the Commissioner's motion for summary judgment, concluding that it was clear as a matter of law that Anuforo willfully failed to pay U.S. Central's employment taxes.  The Magistrate Judge also concluded that the IRS had satisfied the applicable procedural requirements for assessing penalties against Anuforo by giving him sixty days notice before the assessments, *see* I.R.C. § 6672(b), and by assessing the penalties within three years of the filing of the relevant tax returns, *see* I.R.C. § 6501(a).

Anuforo now objects to the Magistrate Judge's recommendations.  Anuforo does not raise any specific objections to the Magistrate Judge's thorough analysis, but rather

summarily argues that the Magistrate Judge "did not adequately consider the merits of plaintiff's case, argument and submissions."  (Objection, Docket No. 146 at 1.)

## ANALYSIS

## I.   ANUFORO'S MOTION TO DISMISS FOR LACK OF JURISDICTION

In his motion to dismiss for lack of jurisdiction, Anuforo contends: (1) that the Commissioner's counterclaim regarding U.S. Central (Count One) must be dismissed because the IRS failed to give Anuforo at least sixty days notice before assessing penalties, as required by I.R.C. § 6672(b);[2] and, (2) that the Commissioner's counterclaim relating to Comfort Plus (Count Two) should be dismissed because the Commissioner did not present proof that it actually assessed penalties against Anuforo within three years, as required under 26 U.S.C. § 6501(a).

### A.   Counterclaim Relating to U.S. Central (Count One)

Under I.R.C. §§ 3102 and 3402, an employer is required to deduct and withhold Federal Insurance Contributions Act ("FICA") and federal income taxes from its employees' wages.  These taxes constitute a fund in trust for the United States and must be paid to the IRS on a quarterly basis.  I.R.C. § 7501(a); *Honey v. United States*, 963

---

[2] As to the U.S. Central counterclaim, Anuforo's motion only challenged the Commissioner's compliance with the sixty-day notice provision established under § 6672(b). (*See* Docket No. 99 at 8.)  Accordingly, the question of whether the Commissioner's actions with respect to U.S. Central assessments violated § 6501(a) is not before the Court.  In any event, the Magistrate Judge went on to persuasively address the IRS's compliance with § 6501(a) in the Order and Report and Recommendation.  To the extent that Anuforo intended to challenge this analysis with his broad objection to the "entire report," the Court agrees with the analysis of the Magistrate Judge.

F.2d 1083, 1087 (8th Cir. 1992).  Employers who fail to pay employment taxes are subject

to penalty assessments under I.R.C. § 6672(a), which provides:

> Any person required to collect, truthfully account for, and pay over any tax
> imposed by this title who willfully fails to collect such tax, or truthfully
> account for and pay over such tax, or willfully attempts in any manner to
> evade or defeat any such tax or the payment thereof, shall, in addition to
> other penalties provided by law, be liable to a penalty equal to the amount
> of the tax evaded or not collected or not accounted for and paid over.

In order for a penalty to be assessed under § 6672(a), the IRS must notify the delinquent

taxpayer in writing or in person that they will be subject to the assessment.  I.R.C.

§ 6672(b).

Here, IRS agent Jill Dutcher sent Mr. Anuforo notice via certified mail on

March 1, 2004, that the IRS planned to assess penalties against him for unpaid

employment taxes at U.S. Central.  (Fourth Dutcher Decl., Docket No. 106, Ex. 5.)  The

IRS did not actually assess the penalties referenced in this notice until nearly a year later,

on February, 14, 2005.  (*Id.*, Ex. 1.)  Accordingly, the IRS's notice easily satisfied the

sixty-day requirement imposed by § 6672(b), and the Court agrees with the Magistrate

Judge that Anuforo's motion to dismiss Count One of the Commissioner's counterclaim

must be denied.

**B.      Counterclaim Relating to Comfort Plus (Count Two)**

As to Anuforo's motion to dismiss Count Two of the Commissioner's

counterclaim, the Magistrate Judge correctly noted that this Court rejected Anuforo's

argument in its prior Order.  There, the Court determined that the penalties assessed for

unpaid taxes related to Comfort Plus met the three-year assessment deadline established

in § 6501(a). *Anuforo*, 2008 WL 4527815, at *3. Accordingly, the Court agrees with the Magistrate Judge that Anuforo's motion to dismiss Count Two of the Commissioner's counterclaim must be denied as well.

## II.    COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT

### A.    Standard of Review

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B.    Anuforo's Liability Under § 6672

In order to be liable under § 6672, an individual (1) must be a responsible person, and (2) must have willfully failed to pay over taxes to the United States. *Olsen v. United States*, 952 F.2d 236, 238 (8th Cir. 1991). "A section 6672 assessment is presumed correct, and it is the individual's burden to show, in a refund action, that he or she was not a responsible person or did not willfully fail to pay over the taxes." *Riley v. United States*, 118 F.3d 1220, 1221 (8th Cir. 1997).

As to the first prong of the test stated in *Olsen*, a person may be classified as a responsible person for the purposes of I.R.C. § 6672 if they display "[r]ecognized indicia of status as a responsible person includ[ing] membership on the board of directors, ownership of stock in the corporation, the authority to write and sign checks on the corporate accounts, and other significant authority such as the authority to hire and fire personnel." *In re Grubbe*, No. 4-92-8014, 1994 WL 249792, at *6 (Bankr. D. Minn. Jul. 7, 1994).

Here, the Magistrate Judge correctly observed that Anuforo admitted his status as a responsible person under § 6672 in his Answers to Requests for Admission. (*See* Starnes Decl., Docket No. 91, Ex. A at 3.) In addition, Anuforo admitted in a submission to the IRS that he was the president of U.S. Central; owned 100% of the company's stock; and was the only person at the company responsible for hiring and firing employees, managing employees, directing payment of bills, dealing with major suppliers and customers, negotiating large corporate purchases, contracts, loans, opening and closing corporate bank accounts, guaranteeing or co-signing corporate bank loans, making and authorizing deposits, authorizing payroll checks, preparing federal payroll tax returns, authorizing payment of federal tax deposits, and determining company financial policy. (Dutcher Decl., Docket No. 92, Ex. 15.) In those circumstances – and in the absence of any specific objection from Anuforo – the Court agrees that it is clear that Anuforo was a responsible person under § 6672.

As to the second prong under *Olsen*, "[a] responsible person acts willfully . . . whenever he acts or fails to act consciously and voluntarily and with knowledge or intent

that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes." *Olsen*, 952 F.2d at 239 (internal quotation marks omitted). "The term willfully does not connote a bad or evil motive, but rather means a voluntary, conscious and intentional act, such as payment of other creditors in preference to the United States." *Elmore v. United States*, 843 F.2d 1128, 1132 (8th Cir. 1988).

Here, as the Magistrate Judge explained, in 1998, Anuforo began receiving communications from the IRS regarding previous unpaid employment taxes, and began actively seeking to negotiate an installment plan to repay those delinquent taxes. (*See* Second Dutcher Decl., Docket No. 92, ¶¶ 4-13.) It was during this same time period that Anuforo failed to make the tax payments at issue in this action. (*Id.*, ¶¶ 4-19.) The Court agrees with the Magistrate Judge that it strains credulity to believe that Anuforo was unaware he was not paying his current employment taxes while he was negotiating an installment plan to pay his prior unpaid employment taxes.

Moreover, as the Magistrate Judge explained, there is evidence that Anuforo continued to pay other creditors. *See Elmore*, 843 F.2d at 1132 (noting that the willfulness prong may be satisfied by a payment to other creditors). Anuforo admitted in a submission to the IRS that he continued to pay state taxes, rent, workman's compensation, and payroll – in addition to buying supplies – in the periods when he failed to pay U.S. Central's employment taxes. (*See* Second Dutcher Decl., Docket No. 92, ¶¶ 38-40.) In those circumstances, the Court agrees with the Magistrate Judge that Anuforo was a responsible person under § 6672 as a matter of law.

In sum, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Here, the Magistrate Judge thoroughly explained Anuforo's failure to rebut this presumption and Anuforo has not responded with any specific objections. For the reasons given above, this Court adopts the recommendations of the Magistrate Judge, and grants the Commissioner's motion for summary judgment (1) as to the validity of the IRS's penalty assessments arising out of U.S. Central's failure to pay employment taxes; and (2) as to the Commissioner's counterclaims to reduce the assessments against both Comfort Plus and U.S. Central to judgment.[3] The Commissioner is entitled to interest on these penalties from the dates when the penalties were imposed until the dates of payment. *See* I.R.C. § 6601(e)(2)(A); I.R.C. § 6621 (providing the formula for determining the appropriate rate of interest).

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 146] and **AFFIRMS and ADOPTS** the Order and Report and Recommendation of the Magistrate Judge dated January 14, 2009 [Docket No. 145]. Accordingly, **IT IS HEREBY ORDERED** that:

---

[3] The Court notes that Anuforo previously argued that he is not liable for taxes because two of his employees stole money from him. (Pl.'s Am. Compl. at 2, Docket No. 30.) An identical argument was rejected in this Court's ruling on the validity of the Comfort Plus assessment. *See Anuforo*, 2008 WL 4527815 at *4-5; s*ee also In re Schroeder*, No. 92-41479, 1994 WL 527177, at *4 (Bankr. D. Neb. June 3, 1994) (noting that, after embezzlement by company employees, the taxpayer "did not have the legal option to pass his losses on to the taxpayers of the United States").

1.      Plaintiff's Motion to Dismiss for Lack of Jurisdiction [Docket No. 97] is

**DENIED**.

2.      The defendant's Motion for Summary Judgment [Docket No. 88] is

**GRANTED.**

3.      Plaintiff shall pay penalty assessments to the defendant in the amount of

$39,758.05 for unpaid employment taxes at U.S. Central and $175,235.95 for unpaid

employment taxes at Comfort Plus.  Plaintiff shall also pay interest on these amounts

from the dates they were assessed to the dates when they are paid.  These interest

amounts shall be calculated pursuant to I.R.C. § 6621.


        **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  March 31, 2009                          ___s/ John H. Tunheim____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                   United States District Judge